SHIRLEY SMITH v. JACK ECKERD CORPORATION AND JAMES PEARSON

No. 9021SC270

(Filed 5 February 1991)

1. **Privacy § 1 (NCI3d) — unreasonable intrusion upon seclusion of another — invasion of privacy — claim not recognized in North Carolina — evidence insufficient anyway**

Even if North Carolina recognized an invasion of privacy claim based on an unreasonable intrusion upon the seclusion of another, the intrusion in this case was not so highly offensive to the reasonable person as to constitute an invasion of privacy where the evidence tended to show that defendant's store alarm went off as plaintiff left the store; the employee

asked plaintiff to step back inside which she did; plaintiff stepped through the door four times and each time the alarm went off; defendant's female employee searched plaintiff with a scanner and plaintiff did not object; the employee also searched under the coats of plaintiff's children and in plaintiff's purse; and the employee apologized for the inconvenience.

**Am Jur 2d, Privacy §§ 62, 120, 124, 132.**

**2. Damages § 11.2 (NCI3d) — store customer searched — summary judgment for defendant on punitive damages claim**

In an action for battery, invasion of privacy, and negligent infliction of emotional distress, the trial court properly granted summary judgment for defendants on plaintiff's claims for punitive damages, since defendant's employee searched plaintiff when a store alarm repeatedly sounded; defendant employee apologized; and there was no evidence that the actions taken were willful, wanton, or in malicious disregard of plaintiff's rights.

**Am Jur 2d, Damages §§ 762-764; Privacy §§ 263, 264.**

APPEAL by plaintiff from an order entered 20 November 1989 in FORSYTH County Superior Court by *Judge Howard R. Greeson, Jr.* Heard in the Court of Appeals 11 December 1990.

*Kennedy, Kennedy, Kennedy and Kennedy, by Harold L. Kennedy, III and Harvey L. Kennedy, for plaintiff appellant.*

*Bell, Davis & Pitt, P.A., by Stephen M. Russell, for defendants appellees.*

LEWIS, Judge.

The questions on appeal are 1) whether the trial court erred in granting the defendants' motion for summary judgment as to the plaintiff's punitive damages claim and, 2) whether the trial court erred in granting the defendants' motion for summary judgment as to the plaintiff's invasion of privacy claim.

In her complaint, the plaintiff states that employees of the defendant Jack Eckerd Corporation searched the plaintiff and her child after an alarm went off when she was exiting the store with two children. The complaint alleges that the individuals rubbed a scanner over the plaintiff's body and under the children's clothing

SMITH v. JACK ECKERD CORP.

[101 N.C. App. 566 (1991)]

while they were in public view. The complaint also alleges that the search was nonconsensual. The plaintiff alleged that such conduct constituted three separate and distinct causes of action: battery, an invasion of privacy into the "plaintiff's seclusion of solitude," and negligent infliction of emotional distress. The plaintiff alleged that the acts were willful, wanton, and intentional conduct so that the plaintiff should recover punitive damages as to the respective torts. After considering the pleadings, deposition of the plaintiff, and deposition of a witness in the store, the trial judge granted summary judgment only as to the plaintiff's punitive damages claim and as to the plaintiff's invasion of privacy claim.

"Where a motion for summary judgment is granted, the critical questions for determination upon appeal are whether on the basis of the materials presented to the trial court, there is a genuine issue as to any material fact and whether the movant is entitled to judgment as a matter of law." *Oliver v. Roberts*, 49 N.C. App. 311, 314, 271 S.E.2d 399, 401 (1980), *cert. denied*, 276 S.E.2d 283 (1981). All reasonable inferences must be drawn in favor of the nonmovant. *Whitley v. Cubberly*, 24 N.C. App. 204, 207, 210 S.E.2d 289, 291 (1974).

### Invasion of Privacy Claim

[1] The plaintiff alleges an invasion of privacy claim based on an unreasonable intrusion upon the seclusion of another. Restatement (second) of Torts § 652B states: "[o]ne who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." North Carolina courts have not yet addressed whether or not we would recognize this tort.

After reviewing the pleadings and depositions, which contain the only evidence that was before the trial judge, we hold that even if North Carolina did choose to recognize such a cause of action, this case does not present us with the opportunity to do so. In her deposition, the plaintiff testified that the Eckerd alarm went off as she left the store and that the cashier asked her to step back inside the store. The plaintiff stated that she did not say anything, and that she did what the Eckerd employee asked her to do. The plaintiff stepped through the door four times and each time the alarm went off. The plaintiff stated in her deposition that the female employee of Eckerd's searched her with a scanner

## SMITH v. JACK ECKERD CORP.

[101 N.C. App. 566 (1991)]

and that the plaintiff did not verbally object. The plaintiff stated that the employee searched under her coat, and touched her body outside her clothing with the scanner. The employee also searched under the children's coats. The employee put the scanner in the plaintiff's pocketbook located on the floor. The plaintiff also stated that the employee apologized for the inconvenience.

Although the incident may have been offensive to the plaintiff, we hold that under the circumstances the intrusion would not be so highly offensive to the reasonable person as to constitute an invasion of privacy action. The level of offensiveness for this tort is higher than the offensive touching required for battery. Thus, we hold that the trial court was correct in allowing summary judgment as to the plaintiff's invasion of privacy claim.

### Punitive Damages Claim

[2] The plaintiff also contends that the trial judge erred in granting summary judgment for the defendants as to the plaintiff's claims for punitive damages. The plaintiff's complaint asked the court to award punitive damages with respect to the claims concerning battery, invasion of privacy, and negligent infliction of emotional distress. We find no evidence that the actions taken were either willful, wanton or in malicious disregard to the plaintiff's rights. We find no element of aggravation necessary to award punitive damages. *See Shugar v. Guill*, 304 N.C. 332, 283 S.E.2d 507 (1981). The defendant's employees responded when the alarm repeatedly sounded. The defendant employee also apologized. Thus, the trial judge was correct in granting summary judgment for the defendants as to plaintiff's claims for punitive damages.

Affirmed.

Judges ARNOLD and JOHNSON concur.