Dishner v. Goneau, 2017 NCBC 7.

STATE OF NORTH CAROLINA

COUNTY OF MOORE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
15 CVS 473

JESS A. DISHNER,

        Plaintiff,

    v.

MARCEL O. GONEAU; CANDICE
CHUZAS; and STRUCTURES
CONSTRUCTION COMPANY, INC.
d/b/a GONEAU DISHNER,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER & OPINION ON DEFENDANTS'
MOTIONS TO DISMISS AND MOTION
FOR JUDGMENT ON THE PLEADINGS**

1.      THIS MATTER is before the Court on Defendants' Motions to Dismiss ("Motions") pursuant to Rules 12(b)(1) and 12(b)(6), and for judgment on the pleadings pursuant to Rule 12(c), of the North Carolina Rules of Civil Procedure. For the reasons stated below, the Motions are GRANTED IN PART and DENIED IN PART.

*Stephen C. Holton for Plaintiff.*[1]

*Boydoh & Hale, PLLC, by J. Scott Hale, for Defendants.*

Gale, Chief Judge.

## I.   PROCEDURAL HISTORY

2.      Plaintiff Jess A. Dishner ("Dishner") initiated this lawsuit on April 21, 2015. Pursuant to Defendants' May 7, 2015 notice of designation, the Chief Justice

---

[1] P. Wayne Robbins of Robbins May & Rich LLP represented Plaintiff when the Motions were briefed and argued. He has since retired and has been allowed to withdraw as counsel of record.

designated the matter as a mandatory complex business case on May 8, 2015, and the case was assigned to the undersigned that same day.

3. On July 17, 2015, Dishner filed his Amended Verified Complaint ("Amended Complaint"), making the central allegations that Dishner and Defendant Marcel O. Goneau ("Goneau") formed an oral partnership and thereafter operated the partnership as a d/b/a of Structures Construction Company, Inc. ("Structures"), a corporation organized and owned by Goneau that had become dormant before the partnership was formed.

4. Dishner complains that he has not been given access to partnership records and has not shared equally in partnership profits, and that Goneau, assisted by Defendant Candice Chuzas ("Chuzas"), has taken improper actions in derogation of Dishner's partnership rights, including using Dishner's computer without authorization to send e-mail communications to Dishner's contacts. The Amended Complaint alleges claims of (1) breach of contract, (2) unjust enrichment, (3) conversion, (4) trespass to chattels, (5) breach of fiduciary duty, (6) violations of the Computer Fraud and Abuse Act ("CFAA"), (7) accounting, and (8) intrusion into seclusion.

5. On December 31, 2015, Defendants filed their Answer to Amended Verified Complaint, Motions to Dismiss and Counterclaims ("Answer"). The Answer was not verified and attached two documents as exhibits.

6. The Motions seek to dismiss all claims, with motions to dismiss brought pursuant to Rules 12(b)(1) and 12(b)(6), and a motion for judgment on the

pleadings brought pursuant to Rule 12(c). Defendants' briefs in support of the Motions rely heavily on factual averments in the unverified Answer and the accompanying exhibits. Neither the Amended Complaint nor Defendants' counterclaims refer to the exhibits.

7. Dishner replied to Defendants' counterclaims on February 29, 2016.

8. The Motions have been fully briefed and argued, and are ripe for ruling.

## II. FACTUAL BACKGROUND

9. The Court states the following facts only for purposes of ruling on the Motions, and in doing so makes reasonable inferences in Dishner's favor.

10. Dishner, Goneau, and Chuzas are citizens and residents of Moore County, North Carolina. (Am. Compl. ¶¶ 1–3.)

11. Structures is a North Carolina corporation that has its principal place of business in Moore County, North Carolina. (Am. Compl. ¶ 4.) Structures was originally incorporated in 2003 and became dormant thereafter. (Am. Compl. ¶ 9.) Structures' articles of incorporation list Goneau as its sole director and registered agent.

12. In July 2010, Goneau and Dishner orally agreed to form a partnership. (Am. Compl. ¶¶ 11, 14.) Dishner alleges that an attorney advised them that the least expensive way to create a new partnership was to operate Structures as a "d/b/a." (Am. Compl. ¶ 15.)

13. Dishner alleges that the partnership thereafter did business under the name Structures Construction Company, Inc. d/b/a Goneau Dishner. (Am. Compl. ¶ 4.)

14. On January 21, 2011, Goneau filed a Certificate of Assumed Name for Corporation in the Moore County Registry. (*See* Am. Compl. Ex. 1.) The certificate indicates that "the business" would be conducted under the assumed name "Goneau Dishner," and lists the owners of the "business" as Dishner and Goneau. (Am. Compl. Ex. 1, at 1.) The certificate was submitted under the corporate name "Structures Construction, Inc.," and was signed by Goneau as president of Structures. (Am. Compl. Ex. 1, at 1–2.)

15. Dishner alleges that he and Goneau began operating a construction business together in January 2011 as a partnership involving the design, construction, and renovation of residential and commercial properties. (Am. Compl. ¶ 18.) Dishner further alleges that all finances were funneled through the corporation, with profits to be shared equally by Dishner and Goneau. (Am. Compl. ¶¶ 24–25.) From January 2011 through November 2014, the business entered into numerous construction contracts using the assumed name Dishner Goneau. (Am. Compl. ¶ 19.)

16. On March 19, 2014, Goneau filed a second Certificate of Assumed Name for Corporation in the Moore County Registry. (*See* Am. Compl. Ex. 2.) The second certificate lists "[t]he assumed name under which the business is to be conducted" as "Goneau Dishner Construction Design & Development," and Goneau

as the sole owner. (Am. Compl. Ex. 2, at 1.) The second certificate was submitted under the corporate name "Structures Construction Inc." and signed by Goneau as its president. (Am. Compl. Ex. 2, at 1–2.) The notarial certificate acknowledges the signature of Goneau as president of "Goneau Dishner Const. Design & Dev Corporation." (Am. Compl. Ex. 2, at 2.)

17. On March 24, 2014, Goneau filed a Withdrawal of Assumed Name for Corporations in the Moore County Registry, withdrawing the assumed name "Goneau Dishner" that was originally filed on January 21, 2011. (Am. Compl. Ex. 3, at 1.) The withdrawal was signed by Goneau as president of "Structures Construction Inc." (Am. Compl. Ex. 3, at 1–2.)

18. On December 5, 2014, an attorney representing Goneau and Structures sent a letter to Dishner advising that "Structures Construction, Inc." would immediately cease doing business as Goneau Dishner. (Am. Compl. Ex. 5, at 1.) The letter states "Goneau's intention to sever [Dishner's] affiliation as an independent contractor with him and his company," and directs Dishner to "no longer use or associate [himself] with Mr. Goneau's name and/or company" or business endeavors. (Am. Compl. Ex. 5, at 1.)

19. On December 17, 2014, Goneau filed a third Certificate of Assumed Name for Corporation in the Moore County Registry. (*See* Am. Compl. Ex. 4.) The third certificate states that "[t]he assumed name under which the business is to be conducted" is "Goneau Construction Design & Development," and lists Goneau as the sole owner of the business. (Am. Compl. Ex. 4, at 1.) The third certificate was

submitted by "Structures Construction Inc." over the signature of Goneau as its president, and the notarial certificate acknowledges Goneau's signature as president of Structures Construction Inc. (Am. Compl. Ex. 4, at 1–2.)

20. Dishner complains that he has been denied access to partnership records and excluded from partnership property, that he did not receive profits and draws equal to Goneau's profits and draws, and that he did not receive his partnership draw for the period of November 1, 2014, through December 5, 2014. (Am. Compl. ¶¶ 36–40.)

21. Dishner further complains that Defendants later accessed his personal e-mail account without permission, changed the password to his e-mail account, retrieved private information from the e-mail account including the names and addresses of Dishner's contacts, and sent communications to those contacts. (Am. Compl. ¶¶ 44–48).

22. In their Answer, Defendants deny Dishner's allegations that the parties formed or operated a partnership. (Answer ¶ 18.) In the paragraph denying those allegations, Defendants aver that Dishner began working for Structures as an independent contractor in 2011, but that after January 2012, Dishner directed that Structures pay any compensation to Dishner Developer, Inc. ("Dishner Developer")—a corporation owned by Dishner and his wife. (Answer ¶ 18.) In support of those averments, Defendants attach exhibits to their Answer that purport to show payments made by Structures to Dishner and Dishner Developer, and tax returns filed by Dishner Developer. (Answer Exs. A, B.)

23. Defendants do not refer to or incorporate those allegations or exhibits in their counterclaims. Accordingly, in his Reply, Dishner was not required to either respond to the allegations or admit that the exhibits are authentic.

## III. ANALYSIS

### A. Standard of Review

24. The Motions seek to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(1) for lack of standing, to dismiss all claims under Rule 12(b)(6) for failure to state a claim, and to grant judgment on the pleadings for Defendants pursuant to Rule 12(c).

25. "Standing is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction." *Neuse River Found., Inc. v. Smithfield Foods, Inc.*, 155 N.C. App. 110, 113, 574 S.E.2d 48, 51 (2002) (quoting *Aubin v. Susi*, 149 N.C. App. 320, 324, 560 S.E.2d 875, 878 (2002)). Plaintiff has the burden of demonstrating that standing exists. *E.g.*, *Am. Woodland Indus., Inc. v. Tolson*, 155 N.C. App. 624, 627, 574 S.E.2d 55, 57 (2002). When standing is challenged pursuant to Rule 12(b)(1), "matters outside the pleadings . . . may be considered and weighed by the court in determining the existence of jurisdiction over the subject matter." *Tart v. Walker*, 38 N.C. App. 500, 502, 248 S.E.2d 736, 737 (1978). However, a court generally will grant a Rule 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to judgment as a matter of law." *Wilkie v. Stanley*, No. 10 CVS 6257, 2011 NCBC LEXIS 11, at *10 (N.C. Super. Ct.

Apr. 20, 2011) (quoting *SouthStar Funding, LLC v. Warren, Perry & Anthony, PLLC*, 445 F. Supp. 2d 583, 585 (E.D.N.C. 2006)).

26. The controlling standards for Rule 12(b)(6) and Rule 12(c) motions are essentially the same. The Court should grant a motion to dismiss under Rule 12(b)(6) when any of three things is true: (1) no law supports the plaintiff's claim, (2) the complaint does not plead sufficient facts to state a legally sound claim, or (3) the complaint discloses a fact that defeats the plaintiff's claim. *E.g.*, *Oates v. JAG, Inc.*, 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985). When the Court reviews a complaint under Rule 12(b)(6), it accepts the factual allegations of the complaint as true without assuming the veracity of the plaintiff's legal conclusions. *E.g.*, *Walker v. Sloan*, 137 N.C. App. 387, 392, 529 S.E.2d 236, 241 (2000).

27. When reviewing either a Rule 12(b)(6) motion to dismiss or a Rule 12(c) motion for judgment on the pleadings, "the trial court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Toomer v. Branch Banking & Tr. Co.*, 171 N.C. App. 58, 66, 614 S.E.2d 328, 334 (2005) (quoting *Am. Bank & Tr. Co. v. Elzey*, 26 N.C. App. 29, 32, 214 S.E.2d 800, 802 (1975)). For purposes of a motion for judgment on the pleadings, "[a]ll factual allegations in the nonmovant's pleadings are deemed admitted except those that are legally impossible or not admissible in evidence." *Governors Club, Inc. v. Governors Club Ltd. P'ship*, 152 N.C. App. 240, 247, 567 S.E.2d 781, 786 (2002) (citing *Cheape v. Town of Chapel Hill*, 320 N.C. 549, 556–57, 359 S.E.2d 792, 797 (1987)), *aff'd*, 357 N.C. 46, 577

S.E.2d 620 (2003). A Rule 12(c) motion is proper when only questions of law remain. *E.g.*, *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974).

## B. Plaintiff Has Conceded That Certain Claims Should Be Dismissed.

28. In his brief opposing Defendants' Motions, Dishner concedes that the Amended Complaint does not state claims of breach of contract or unjust enrichment against Structures and Chuzas, or a claim of breach of fiduciary duty against Chuzas. (Mem. Law Opp'n to Defs.' Mots. Dismiss and Mot. J. Pleadings 5 n.1, 6 n.2.) Accordingly, those claims will be dismissed.

## C. The Motions Cannot Be Supported By Unverified Averments or Documents That Dishner Has Not Admitted As Authentic.

29. Paragraph 18 of the Amended Complaint contains Dishner's central allegation that he and Goneau formed and operated a partnership. (Am. Compl. ¶ 18.) Paragraph 18 of Defendants' Answer denies that allegation, but then continues with factual averments that challenge Dishner's standing to bring claims individually, referring to two exhibits attached to the Answer to support the allegations. (Answer ¶ 18.) Exhibit A to the Answer purports to be a printout of Structures' corporate records showing payments made first to Dishner individually but then to Dishner Developer. (*See* Answer Ex. A.) Exhibit B purports to be portions of Dishner Developer's tax returns for 2012 and 2013. (*See* Answer Ex. B.) Those allegations and exhibits are central to Defendants' Rule 12(b)(1) motion, which challenges Dishner's standing to bring partnership claims individually. (Defs.' Br. Supp. Mot. Dismiss 4–5.)

30. Although the Court is not confined to the pleadings when resolving a Rule 12(b)(1) motion, findings of fact that result in dismissal of the action for lack of subject-matter jurisdiction must be based on competent, admissible evidence. *See, e.g., Munger v. State*, 202 N.C. App. 404, 410, 689 S.E.2d 230, 235 (2010). Factual averments in an unverified answer not admitted by the opposing party do not support such findings. *E.g., Brown v. Refuel Am., Inc.*, 186 N.C. App. 631, 634, 652 S.E.2d 389, 392 (2007).

D. <u>The Amended Complaint States a Claim of Partnership between Dishner Individually and Goneau Individually.</u>

31. The North Carolina Uniform Partnership Act defines a partnership as "an association of two or more persons to carry on as co-owners a business for profit." N.C. Gen. Stat. § 59-36(a) (2015). A partnership between individuals may be formed by oral agreement, *see Campbell v. Miller*, 274 N.C. 143, 149, 161 S.E.2d 546, 550 (1968), and may be established by "the intent of the parties" based on "their conduct and an examination of all of the circumstances," *Wike v. Wike*, 115 N.C. App. 139, 141, 445 S.E.2d 406, 407 (1994).

32. Construed liberally, consistent with North Carolina's Rule 12(b)(6) standards, the Amended Complaint adequately asserts that Dishner, individually, and Goneau, individually, formed an oral partnership to share equally in the expenses and profits of operating a construction business, even though Structures' corporate form would be used to facilitate the partnership. A partnership that involves a corporation must be in writing and signed by the corporation's owners. *See* N.C. Gen. Stat. § 55-7-31(b) (2015). Defendants may later succeed in proving

that any partnership was with Dishner Developer, not with Dishner individually. That issue cannot be resolved through the present Motions based solely on the pleadings.

33. In the briefs accompanying their Motions, Defendants suggest that they may ultimately have a successful statute-of-limitations defense. That potential defense is not properly presented by the Motions.

## E. The Amended Complaint Does Not State Claims of Trespass to Chattels or Conversion.

34. Dishner attempts to assert claims of conversion and trespass to chattels based on the allegation that he has rights in certain tax records that are now being withheld from him and maintained by Structures. He makes those claims not only against Goneau, his alleged partner, but also against Structures and Chuzas for joint and several liability for actions that "occurred in the course of agency, partnership, joint venture, or employment" of Goneau and Chuzas by Structures. (Am. Compl. ¶ 72.)

35. The tort of trespass to chattels is a trespass to personal property based on an "injury to possession." *HSG, LLC v. Edge-Works Mfg. Co.*, No. 15 CVS 309, 2015 NCBC LEXIS 91, at \*17 (N.C. Super. Ct. Oct. 5, 2015) (quoting *Fordham v. Eason*, 351 N.C. 151, 155, 521 S.E.2d 701, 704 (1999)). In a claim of trespass to chattels, the plaintiff must demonstrate that he "had either actual or constructive possession of the personalty or goods in question at the time of the trespass, and that there was an unauthorized, unlawful interference or dispossession of the property." *Id.* at \*17–18 (quoting *Fordham*, 351 N.C. at 155, 521 S.E.2d at 704).

36.     The tort of conversion is closely related to an action for trespass to chattels and is "defined as 'an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights.'" *Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC*, 365 N.C. 520, 523, 723 S.E.2d 744, 747 (2012) (quoting *Peed v. Burleson's, Inc.*, 244 N.C. 437, 439, 94 S.E.2d 351, 353 (1956)). There are "two essential elements of a conversion claim: ownership in the plaintiff and wrongful possession or conversion by the defendant." *Id.* (citing *Gadson v. Toney*, 69 N.C. App. 244, 246, 316 S.E.2d 320, 321–22 (1984)).

37.     While Dishner may have a claim for access to partnership records, his right to inspect or copy those records is not actionable through the torts of conversion or trespass to chattels. The face of the Amended Complaint reveals that Goneau and Structures have a right to possess the records pursuant to the agreement that Dishner alleges. Accordingly, the claims of trespass to chattels and conversion should be dismissed.

## F.     The Amended Complaint Does Not State Claims of Breach of Fiduciary Duty, Accounting, or Unjust Enrichment against Structures or Chuzas.

38.     Dishner's claims of breach of fiduciary duty, accounting, and unjust enrichment depend on his breach-of-contract claim, which is limited to a claim against Goneau individually. The factual allegations are not sufficient to subject either Structures or Chuzas to joint and several liability. Having stated a claim of partnership with Goneau individually, Dishner may be entitled to an accounting

pursuant to N.C. Gen. Stat. § 59-52 from Goneau, but that claim does not extend to Structures or Chuzas.

### G. The Amended Complaint Does Not State a CFAA Claim.

39.     Dishner contends that Goneau and Chuzas violated the Computer Fraud and Abuse Act and intruded on his right to seclusion by accessing his private e-mail account without permission in order to obtain his personal contacts and sending e-mails to those contacts.  Dishner does not allege any specific damage that he suffered as a result.

40.     The CFAA "protects computers in which there is a federal interest— federal computers, bank computers, and computers used in or affecting interstate and foreign commerce."  Charles Doyle, Cong. Research Serv., 97-1025, Cybercrime: An Overview of the Federal Computer Fraud and Abuse Statute and Related Federal Criminal Laws 1 (2014).  The CFAA makes it a crime to intentionally access a computer without authorization or to exceed authorized access to obtain "information from any protected computer."  18 U.S.C. § 1030(a)(2)(C) (2012).  A "protected computer" under the CFAA includes a computer that "is used in or affecting interstate or foreign commerce or communication."  *Id.* § 1030(e)(2)(B).

41.     The CFAA recognizes a civil cause of action for compensatory damages or injunctive relief by a person who "suffers damage or loss by reason of a violation of the [Act]."  *Id.* § 1030(g).  A threshold requirement under the Act is that a plaintiff plead and prove at least $5,000 in "loss."  *Id.*  Courts have held that loss of goodwill, business opportunities, or revenue resulting from improperly acquired

information do not constitute "loss" within the meaning of the CFAA. *See, e.g.,* *Nexans Wires S.A. v. Sark-USA, Inc.*, 319 F. Supp. 2d 468, 475 (S.D.N.Y. 2004), *aff'd*, 166 F. App'x 559 (2d Cir. 2006). Instead, the "loss" must be "related to fixing a computer." *Id.*

42. Dishner does not allege how Defendants' accessing his e-mail account resulted in damage related to repairing his computer. Because Dishner fails to plead this threshold requirement, the CFAA claim must be dismissed, and Dishner's relief, if any, for Defendants' acts of accessing his e-mail account must be based on his claim for intrusion into seclusion.

## H. The Amended Complaint Does Not State a Claim for Intrusion into Seclusion.

43. The privacy tort of intrusion into seclusion is the intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns." *Miller v. Brooks*, 123 N.C. App. 20, 26, 472 S.E.2d 350, 354 (1996) (quoting *Smith v. Jack Eckerd Corp.*, 101 N.C. App. 566, 568, 400 S.E.2d 99, 100 (1991)). One who intrudes in such a manner on another's seclusion "is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." *Id.* (quoting *Smith*, 101 N.C. App. at 568, 400 S.E.2d at 100.

44. A claim of intrusion into seclusion typically requires "a physical or sensory intrusion or an unauthorized prying into confidential personal records." *Broughton v. McClatchy Newspapers, Inc.*, 161 N.C. App. 20, 29, 588 S.E.2d 20, 27 (2003).

45. Dishner claims that the elements of this tort were met when Goneau and Chuzas accessed his private e-mail account without authorization and sent e-mails to persons on his contact list. (Am. Compl. ¶¶ 43–44, 47–48.) The Amended Complaint makes only a generalized conclusion that Defendants violated Dishner's privacy or acted in a way that rises to the level of being highly offensive to a reasonable person.

46. The Court concludes that Plaintiff's claim of intrusion into seclusion should be dismissed, but without prejudice in the event that Dishner seeks to restate the claim with adequate supporting detail.

## IV.    CONCLUSION

47. For the foregoing reasons, Defendants' Motions are GRANTED IN PART and DENIED IN PART as follows:

    a.    The motion for judgment on the pleadings is DENIED.

    b.    The motion to dismiss for lack of subject-matter jurisdiction is DENIED.

    c.    The motion to dismiss for failure to state a claim is GRANTED as to Dishner's claims of breach of contract, unjust enrichment, breach of fiduciary duty, and accounting against Chuzas and Structures, and those claims are DISMISSED WITH PREJUDICE.

d. The motion to dismiss for failure to state a claim is DENIED as to Dishner's claims against Goneau for breach of contract, unjust enrichment, breach of fiduciary duty, and accounting.

e. The motion to dismiss for failure to state a claim is GRANTED as to all Defendants on Dishner's claims of conversion, trespass to chattels, and violations of the CFAA, and those claims are DISMISSED WITH PREJUDICE.

f. The motion to dismiss for failure to state a claim of intrusion into seclusion is GRANTED as to all Defendants. This claim is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED, this the 30th day of January, 2017.


/s/ James L. Gale
James L. Gale
Chief Business Court Judge