GEORGIANNA REEVES RICHARDSON v. VAN V. RICHARDSON, JR.

(Filed 8 April, 1964.)

**1. Husband and Wife § 13—**

The wife may sue in her own name to recover the amount the husband is delinquent in payments for the support of the minor children of the marriage as set forth in a deed of separation executed by the parties, but the wife holds the recovery of such amounts as trustee for her children.

**2. Trusts § 6—**

The trustee of an express trust may sue without joining the *cestui que trust.* G.S. 1-63.

**3. Pleadings § 17—**

A demurrer to the complaint on the ground that the court has no jurisdiction of the person of the defendant or the subject matter of the action will not be sustained when no such jurisdictional defect appears on the face of the complaint. G.S. 1-127.

**4. Courts § 3—**

The Superior Court has statewide jurisdiction.

**5. Husband and Wife § 13;   Divorce and Alimony § 22;   Judgments § 30;   Election of Remedies § 1—**

An order entered in a divorce action that the husband pay specified sums for the support of the children of the marriage, the court having refused to adjudicate in the divorce action the question of the wife's right to recover the amount the husband was delinquent in payments for the support of the children under a prior separation agreement, does not preclude the wife from thereafter instituting an action to recover the amounts delinquent under the separation agreement at the time of institution of the action for divorce.

**6. Election of Remedies § 1—**

A party is put to his election only when the remedies available to him are mutually inconsistent so that if he asserts the one he must necessarily repudiate the other, and the doctrine does not apply to co-existing and consistent remedies.

**7. Husband and Wife § 13;    Divorce and Alimony § 22—**

Where, in the husband's action for divorce, the court enters an order that he pay a specified sum monthly for the support of the children of the marriage and no appeal is taken from this provision of the order, such order precludes the wife from thereafter recovering the amount by which payments in conformity with such order failed to equal the monthly payments thereafter falling due under a prior separation agreement between them.

APPEAL by plaintiff and defendant from *Clarkson, J.,* June Civil "B" Session 1963 of MECKLENBURG.

Civil action by Georgianna Reeves Richardson, the mother, to recover alleged arrears under a deed of separation entered into by and between her and Van V. Richardson, Jr., her husband and defendant here, providing, *inter alia,* she should have custody of the three minor children born of the marriage between them, to wit, Katharine M. Richardson, age 12 years, Van V. Richardson, III, age 7½ years, and LeRoy R. Richardson, age 6 years, and that Van V. Richardson, Jr., their father, should pay to Georgianna Reeves Richardson, their mother and plaintiff here, for the maintenance and support of these three minor children the sum of $200 on 3 March 1960, $200 on 17 March 1960, $200 on 3 April 1960, $200 on 17 April 1960, and thereafter $300 on the third day of each month thereafter, and that "said payments shall continue until said children reach the legal age of dependency."

The deed of separation contains a number of other provisions in respect to the maintenance and support by the father of these three minor children which are not material on this appeal; e.g., an agreement to pay all medical, doctor, and hospital expenses of the children; further agreement to contribute additional sums if children enter college; and an increase of the $300 monthly payments if the father's net income exceeds $500 monthly. The deed of separation provides for no payment by defendant for the support of plaintiff, his wife.

The deed of separation is dated 29 February 1960, was duly executed and acknowledged by the parties on that date, and, in accordance with G.S. 52-12, the assistant clerk of the superior court of Mecklenburg County on the same date, after private examination of the wife, plaintiff here, certified that it was not unreasonable or injurious to the wife, but, considering all the attendant facts and circumstances, was "reasonable, just, and fair to her."

RICHARDSON *v.* RICHARDSON.

On 16 March 1962 Van V. Richardson, Jr., defendant here, instituted an action in the superior court of Lincoln County against Georgianna Reeves Richardson, plaintiff here, for an absolute divorce on the grounds of two years' separation. G.S. 50-6. In his complaint he alleges that he is a resident of Lincoln County and defendant is a resident of Mecklenburg County, and defendant in that action, plaintiff here, admits in her answer the truth of these allegations. In her verified answer in the divorce action defendant, who is plaintiff here, alleges in her further answer and counterclaim that plaintiff in that action, who is defendant here, is in arrears as of 31 March 1962 in an amount of over $3,025 in payments required to be made by him to her under the deed of separation between them for the maintenance and support of their three children, and by way of affirmative relief she prays that the court enter an order giving her custody of the three children born of the marriage between the parties, requiring plaintiff in that action, defendant here, to pay the arrears due her by him for the support and maintenance of the three children under the deed of separation in an amount of not less than $3,025, and further ordering plaintiff in the divorce action, defendant here, to pay a reasonable sum each month for the maintenance and support of the three children.

Upon the filing of the answer in the divorce action, plaintiff made a motion at the May Civil Term 1962 of the superior court of Lincoln County before Judge Patton to strike from defendant's further answer and counterclaim in her answer, *inter alia*, the allegations to the effect that plaintiff as of 31 March 1962 is in arrears in the amount of over $3,025 in the payments required to be made by him to her for the support of their three minor children under the deed of separation between them, and that she is entitled to a judgment to recover from him that amount. Judge Patton entered an order allowing the motion to strike what is set forth above, holding that the cause of action set forth in the further answer and counterclaim to recover the arrears in payment by plaintiff under the deed of separation should be brought in an independent action, and is not appropriate as a part of the divorce action.

This divorce action came on to be heard at the May Civil Term 1962 of the superior court of Lincoln County before Patton, J., and a jury. In the divorce action, plaintiff in that action offered in evidence the deed of separation between the parties. In this divorce action Patton, J., upon return of the verdict entered a judgment denying plaintiff a divorce. After entering this judgment Patton, J., entered an order relating to the three children, which is in substance as follows: He finds as facts that the defendant in that action is a fit and suitable per-

son to have the custody of the three children born of the marriage between the parties, and that plaintiff in that action is an able-bodied man gainfully employed in the town of Lincolnton as local agent for State Farm Insurance Company selling various forms of insurance for his employer, and that in the year 1961 his gross income was $5,871.20. He decreed that custody of the three children be awarded to defendant in that action, their mother, subject to prescribed visitation rights of plaintiff, and ordered that, pending further orders of the court, plaintiff in that action pay to defendant in that action $200 each month for the maintenance and support of the three children, said payments to be made through the office of the clerk of the superior court of Lincoln County, and further ordered plaintiff to pay reasonable medical expenses for the three children. Judge Patton made no order in respect to the amounts allegedly in arrears under the deed of separation for the maintenance and support of the three children; he, on motion of plaintiff in the divorce action, having stricken from the further answer and counterclaim of defendant the allegations in respect to such arrears. Nothing appears to indicate defendant in the divorce action excepted to Judge Patton's order relating to the three children and their support or appealed therefrom. However, plaintiff did appeal from Judge Patton's judgment denying him a divorce. This appeal is reported in 257 N.C. 705, 127 S.E. 2d 525. On appeal this Court awarded plaintiff a new trial of his divorce action by reason of error in the charge. No question relating to payments by defendant here for the maintenance and support of the three children was presented for decision on that appeal.

On 13 November 1962 Georgianna Reeves Richardson instituted the instant action against defendant Van V. Richardson, Jr., in Mecklenburg County. In her complaint she alleges in substance: She is a resident of Mecklenburg County and defendant is a resident of Lincoln County. On 29 February 1960 the parties entered into a deed of separation in which defendant agreed to pay her $300 a month from 3 May 1960 for the support and maintenance of the three minor children born of the marriage between them, and further agreed to pay medical, doctor, etc., bills of the three children. As of 31 March 1962 defendant was in arrears in the payment of such amounts in the sum of $3,025, plus certain medical expenses. Defendant paid her for the maintenance and support of the three children $100 for April 1962, $150 for May 1962, and $200 monthly since May 1962, and that defendant is in arrears in such payments since 31 March 1962 in the sum of $850. Wherefore, she prays a recovery from defendant in the sum of $3,875. Van V. Richardson, Jr., defendant, filed an amended answer admitting

the residence of the parties as set forth in the complaint, the execution of the deed of separation between them on 29 February 1960, but denies that he owes plaintiff anything for the maintenance and support of their three minor children. And for a further answer and defense and as a plea in bar to plaintiff's right to recover anything for the maintenance and support of the three minor children, he alleges in substance: The custody, maintenance and support of the three minor children born of the marriage between the parties has been determined and adjudicated by Judge Patton's order entered in the divorce action at the May Civil Term 1962 of the superior court of Lincoln County, subject to the further orders of the court, upon the prayer for affirmative relief of Georgianna Reeves Richardson contained in her answer in the divorce action in which she requested the court to take jurisdiction as to the custody, maintenance and support of the three children. That Georgianna Reeves Richardson thereby abrogated the deed of separation between the parties, which is set forth verbatim in his answer, insofar as its provisions relate to the custody, maintenance and support of the three children. That since the issuance of Judge Patton's order he has paid into the office of the clerk of the superior court of Lincoln County $200 a month for the maintenance and support of the three children, as required in the order.

When the instant case came on to be heard before Judge Clarkson, defendant demurred *ore tenus* to the complaint. Judge Clarkson did not pass on the demurrer *ore tenus* at the time, and the parties agreed that the judge might pass on the case without a jury.

The parties agreed that Judge Clarkson should hear the case upon an agreed statement of facts, which consists of the following: An agreement that the instant action is brought by plaintiff upon the deed of separation, and not upon Judge Patton's order in the divorce action; the deed of separation entered into by and between the parties on 29 February 1960; the record in the divorce action of *Van V. Richardson, Jr. v. Georgianna Reeves Richardson,* and particularly the judgment and orders entered by Judge Patton in the divorce action; an agreement that Judge Patton's order in the divorce action required Van V. Richardson, Jr., to pay to Georgianna Reeves Richardson the sum of $200 a month from 3 June 1962 through November 1962 for the maintenance and support of their three minor children, and that he has paid these required amounts in full, which is a difference of $100 a month or $600 between the amount called for in the deed of separation and the amount called for in Judge Patton's order; an agreement that the deed of separation called for total payments to Georgianna Reeves Richardson for the support and maintenance of the three minor

children up to the date of issuance of Judge Patton's order on 24 May 1962 in the amount of $8,300, and that as of this date Van V. Richardson, Jr., had paid the sum of $4,980, which leaves a difference of $3,320; and that plaintiff foregoes any claim for medical expenses for the three children up to the date of this action.

Judge Clarkson entered a judgment which, after reciting that he had considered the agreed and stipulated facts and the briefs of counsel, contains the following conclusions of law:

"1. The demurrer *ore tenus* of the defendant should not be allowed.

"2. The plaintiff is entitled to recover as Trustee for the minor children the sum of $3,320.00, representing the total of the delinquent sums due under the Separation Agreement up to June 4, 1962, the effective date of the Order of Judge Patton.

"3. The claim of the plaintiff for the sum of $600.00, representing the difference between: (a) the amounts paid pursuant to the Order of Judge Patton up to November 13, 1962, the time of the filing of the complaint in the within case, and (b) the amounts required under the Separation Agreement to said date, should not be allowed, the Court holding as a matter of law that when the plaintiff in the within action filed an Answer in the divorce action instituted by the husband in Lincoln County and asked for custody of the children and for support of the children and when she further failed to appeal from the Order of Judge Patton granting the wife custody and setting payments required of the husband less than the payments required under the Separation Agreement, the wife submitted to the jurisdiction of the Divorce Court, waived her right to recover the full amounts as set forth in the Separation Agreement, and the Order of Judge Patton superseded the support requirements set forth in the Separation Agreement from June 4, 1962, the effective date of Judge Patton's order."

Whereupon, Judge Clarkson ordered and decreed that plaintiff as trustee recover from defendant the sum of $3,320 with interest from 4 June 1962, and that any sums collected by plaintiff pursuant to this judgment shall not be the separate estate of plaintiff, but shall be held by her as trustee for the use and benefit of the three minor children, and further that plaintiff recover her costs. This judgment further provides for the payment of counsel fees to plaintiff's lawyer out of the recovery.

Plaintiff appeals from the part of Judge Clarkson's judgment denying her a recovery of $600 as set forth above in his third conclusion of law.

Defendant appeals from that part of Judge Clarkson's judgment not allowing his demurrer *ore tenus* to the complaint, and from the judgment.

*Myers & Rush by Charles T. Myers for plaintiff appellant and appellee.*

*W. H. Childs, Jr., for defendant appellant.*

PARKER, J.

### DEFENDANT'S APPEAL

Defendant assigns as error the disallowance of his demurrer *ore tenus* to the complaint. The record does not state the ground for the demurrer *ore tenus*. However, defendant in his brief contends it should be sustained on two grounds: (1) plaintiff has no legal capacity to maintain the action, and (2) want of jurisdiction in the Mecklenburg County superior court.

There is no allegation or contention on this appeal, or on the former appeal, that there was any fraud or duress in the execution of the deed of separation, or that either party thereto lacked mental capacity. The complaint in the instant case alleges in substance that on 29 February 1960 plaintiff and defendant executed a deed of separation in which defendant agreed to pay to plaintiff for the support and maintenance of the children born of the marriage between them the sum of $300 a month, and that defendant is in arrears in such payments in the sum of $3,875 as of November 1962. Wherefore, she prays that she recover from defendant the sum of $3,875 for the support of their three minor children. Under our decisions plaintiff has legal capacity to maintain this action upon the deed of separation to recover from defendant the alleged arrears in payments of money due her by him under the deed of separation for the support of the three minor children born of the marriage between them. *Murphy v. Murphy*, 261 N.C. 95, 134 S.E. 2d 148; *Goodyear v. Goodyear*, 257 N.C. 374, 126 S.E. 2d 113; *Campbell v. Campbell*, 234 N.C. 188, 66 S.E. 2d 672; 67 C. J. S., Parent and Child, sec. 20, e, p. 710. Plaintiff is not the beneficiary of the recovery of the amount in arrears under the deed of separation, if there is any; she is merely trustee for the three minor children. *Goodyear v. Goodyear, supra.* In this jurisdiction a trustee of an express trust may sue without joining his *cestui que trust*. G.S. 1-63; *Ingram v. Insurance Co.*, 258 N.C. 632, 129 S.E. 2d 222.

Defendant contends in his brief that there is want of jurisdiction in the superior court of Mecklenburg County. The complaint in the instant case alleges plaintiff is a resident of Mecklenburg County, North

Carolina, and defendant is a resident of Lincoln County, North Carolina. The subject matter of the action is to recover arrears of payments due to be paid to plaintiff by defendant for the support of the minor children born of the marriage between them under the deed of separation entered into by and between them. A demurrer to a complaint on the ground that the court has no jurisdiction of the person of the defendant, or of the subject of the action, will be sustained when, and only when, such defect appears upon the face of the complaint. G.S. 1-127, 1; *Credit Corp. v. Satterfield,* 218 N.C. 298, 10 S.E. 2d 914; McIntosh, N. C. Practice and Procedure, 2d Ed., Vol. 1, sec. 1184. The superior court is one court having statewide jurisdiction. *Lovegrove v. Lovegrove,* 237 N.C. 307, 74 S.E. 2d 723. No want of jurisdiction appears upon the face of the complaint in the instant case.

Judge Clarkson properly overruled defendant's demurrer *ore tenus* to the complaint.

Defendant's second and last assignment of error is: "The court erred in signing the judgment dated September 18, 1963, appearing of record, the same being contrary to the law and facts."

The parties stipulated before Judge Clarkson: "* * * this suit is brought by the plaintiff upon the alleged contract, and not for anything alleged to be due to be paid under Judge Patton's Order." The parties further stipulated before Judge Clarkson: "It is agreed that the Separation Agreement called for a total sum of payments for the support of the children up to the date of Judge Patton's Order, May 24, 1962, to be in the sum of $8,300.00, and that as of that date Van V. Richardson, Jr. paid for the support of the said children the total sum of $4,980.00, which leaves a difference of $3,320.00."

There is no merit in defendant's contentions that, when plaintiff filed an answer in the divorce action brought against her as defendant by defendant here, she, in that suit, submitted the entire matter of the custody and support of the children born of the marriage between them to the superior court of Lincoln County and abandoned any right to recover any arrears in payments due under the deed of separation for the support of the children, and thereby made an election of remedies to abandon the provisions of the deed of separation for their support and chose to rely upon an order of the court to enforce allowances for their support, and therefore cannot maintain the instant suit.

Plaintiff here, in her answer in the divorce action, alleged as a further defense and counterclaim in substance: Plaintiff, Van V. Richardson, Jr., is in arrears as of 31 March 1962 in an amount of over $3,025 in payments required to be made by him under the deed of separation between them for the maintenance and support of their three

children, and by way of counterclaim she prays that the court enter an order giving her custody of the three children born of the marriage between them and requiring him to pay the arrears due her by him for the support of the three children under the deed of separation in an amount of not less than $3,025, and further ordering him to pay a reasonable sum each month for their support. Upon motion of defendant in the instant action, who was plaintiff in the divorce action, Judge Patton entered an order striking from the answer in the divorce action the allegations to the effect that plaintiff in the divorce action as of 31 March 1962 is in arrears in the amount of not less than $3,025 in the payments required to be made by him to her for the support of their three minor children under the deed of separation entered into by them, and that she is entitled to a judgment to recover from him that amount. Judge Patton stated in his order striking these allegations that the cause of action set forth in the further answer and counterclaim to recover these arrears of payments due under the provisions of the deed of separation should be brought in an independent action, and is not appropriate as a part of the divorce action. Judge Patton in his order entered in the divorce action, awarding custody of the children to the mother and requiring the father to pay to her $200 a month for their support, made no reference to the amount of not less than $3,025 allegedly in arrears under the deed of separation for the support of the three children.

Defendant's plea in bar alleged in his answer that he owes plaintiff nothing, because Judge Patton in his order in the divorce action had determined the question of the arrears due by him to plaintiff for the support of the children under the deed of separation, and that the matter is *res judicata,* is not supported by the facts and is untenable. *Jenkins v. Jenkins,* 225 N.C. 681, 36 S.E. 2d 233, is in point. In that case the Court held that in an action by a husband against his wife for divorce on the ground of two years' separation, in which the wife set up in her answer a separation agreement entered into between them when they were about to separate in which the husband contracted that she should have the care and custody of the two children born of the marriage and that the husband should pay her certain sums for each child with her for their support and asked for a judgment that she recover according to the terms of such agreement, this plea of the wife being ignored by the court and no judgment rendered thereon, though the court rendered a judgment of absolute divorce for the husband, such decree is not *res judicata* in a subsequent action by the wife against the husband based on the agreement. In this case the trial court held that plaintiff recover of the defendant the amounts due under the contract, and this Court on appeal affirmed.

The Court said in *Surratt v. Insurance Agency,* 244 N.C. 121, 93 S.E. 2d 72: "The 'whole doctrine of election [of remedies] is based on the theory that there are inconsistent rights or remedies of which a party may avail himself, and a choice of one is held to be an election not to pursue the other.' But 'the principle does not apply to co-existing and consistent remedies.' *Machine Co. v. Owings,* 140 N.C. 503, 53 S.E. 345."

"To make them inconsistent one action must allege what the other denies, or the allegation in one must necessarily repudiate or be repugnant to the other. It is the *inconsistency* of the demands which makes the election of one remedial right an estoppel against the assertion of the other, and not the fact that the forms of action are different." 28 C. J. S., Election of Remedies, sec. 4, p. 1068.

No reason occurs to us why the assertion in a counterclaim by Georgianna Reeves Richardson in the answer filed by her in the divorce action brought against her by Van V. Richardson, Jr., that she is entitled to recover from him the arrears due by him to her under the deed of separation entered into by and between them for the support of the three children born of the marriage between them and asking for an order for their support, which claim for a judgment for the arrears was stricken from her answer by motion of her husband and not considered by the judge, should bar an independent action by her against her husband to recover the arrears due by him under the deed of separation. Her counterclaim in the divorce action to recover the arrears due under the deed of separation and her independent action to recover these arrears are consistent in theory, and the allegations in the counterclaim do not repudiate and are not repugnant to the allegations in her independent action, the instant suit.

Defendant makes no contention in his brief that Judge Clarkson erred in awarding custody of the children to plaintiff, or that he erred in his third conclusion of law set forth above, which is favorable to him.

On defendant's appeal we find

No error.

## PLAINTIFF'S APPEAL

Plaintiff has one assignment of error as follows: "The Court erred in failing to allow the additional $600.00 claim of the plaintiff." This assignment of error has reference to Judge Clarkson's third conclusion of law, which is set forth verbatim above. As stated above, the deed of separation provides for no payment by defendant for the support of plaintiff, his wife.

Plaintiff here, in her answer in the divorce case, alleged that plaintiff, her husband, was in arrears in payments under the deed of separation in an amount of not less than $3,025. And in her further answer in the divorce action, she requested the court to enter an order requiring plaintiff in the divorce action, her husband, to pay a reasonable sum each month for the support of the children in the future. It seems apparent that plaintiff here desired the security of a court order for the support of their children, which she could enforce, if necessary, by contempt proceedings in the event of a wilful failure by her husband to pay the amount for the children's support ordered by Judge Patton. Judge Patton acceded to her request and entered an order finding that the father's gross income in 1961 was $5,871.20, and requiring him, pending further orders of the court, to pay to plaintiff here $200 each month for the support of their children. Plaintiff here, defendant in the divorce action, did not except to or appeal from Judge Patton's order.

In the appeal in the divorce action between the parties here, 257 N.C. 705, 127 S.E. 2d 525, the Court said: "The terms of the separation agreement do not limit the authority of the court to make and enforce such allowances for the support of the children as circumstances may require."

This Court said in *Kiger v. Kiger*, 258 N.C. 126, 128 S.E. 2d 235: "The provisions of a valid separation agreement, including a consent judgment based thereon, cannot be ignored or set aside by the court without the consent of the parties. Such agreements, including consent judgments based on such agreements with respect to marital rights, however, are not final and binding as to the custody of minor children or as to the amount to be provided for the support and education of such minor children."

Plaintiff contends that, although Judge Patton had authority to order the father to pay less for the support of his children than called for in the deed of separation, his order did not abrogate the deed of separation, and that the plaintiff here in her independent action has the right to recover the difference between the amount called for in the deed of separation of $300 a month and the $200 a month set forth in Judge Patton's order, which amount is $600.

Judge Patton in fixing the payments to be made by the father for the support of the children at $200 a month, pending the further orders of the court, upon a finding that his gross income in 1961 was $5,871.20, although the deed of separation called for the payment by him of $300 a month for their support, acted pursuant to authority vested in him by our decisions to make and enforce such allowances for the support of

the children as circumstances may require, *Kiger v. Kiger, supra; Richardson v. Richardson, supra; Story v. Story,* 221 N.C. 114, 19 S.E. 2d 136. Judge Patton's order, there being no exception thereto, is final and binding in fixing the amount to be paid by defendant here for the support of the children, irrespective of the provisions set forth in the deed of separation, and plaintiff is not entitled to recover the difference between the amount required to be paid for the support of the children by Judge Patton's order and that called for in the deed of separation, amounting to $600. Judge Clarkson's third conclusion of law is correct in denying plaintiff a recovery of the $600 which she contends is due her under the deed of separation, though the statement in this conclusion of law that the wife "waived her right to recover the full amounts as set forth in the separation agreement" is surplusage.

On plaintiff's appeal we find

No error.