LUDOVICUS KEYZER, a/k/a LUDO KEYZER, Plaintiff,
v.
AMERLINK, LTD., Defendant.
No. COA06-1675
Court of Appeals of North Carolina.
Filed January 15, 2008
This case not for publication
Barry Nakell, for plaintiff-appellant.
Jessica C. Tyndall, for defendant-appellee.
JACKSON, Judge.
This case stems from the sale of a log home kit in 1995 by AmerLink, Ltd. ("defendant") to Ludovicus Keyzer ("plaintiff"). Plaintiff filed his original action, 99-CVS-368,[1] on or about 22 February 1999, seeking damages for breach of contract, breach of express and implied warranties, fraud, and unfair or deceptive trade practices, and seeking punitive damages. The action later was amended to include a claim for wrongful act. The action ultimately was dismissed without prejudice pursuant to a settlement agreement.
Upon defendant's failure to make timely payment according to the terms of the settlement agreement, plaintiff brought two separate actions, one, 02-CVS-2461, for breach of the settlement agreement, fraud, unfair or deceptive trade practices, and punitive damages, and the case sub judice, 02-CVS-2462, re-alleging the claims of the original action. The instant case, 02-CVS-2462, was dismissed by the trial court as time barred. This Court reversed the trial court in Keyzer v. AmerLink, Ltd., 164 N.C. App. 761, 596 S.E.2d 878 (2004) ("Keyzer I"), and the case was remanded.
While Keyzer I was on appeal, the other case, 02-CVS-2461, proceeded, resulting in a recovery of the unpaid balance pursuant to the settlement agreement plus interest and costs. Defendant's motion for summary judgment as to plaintiff's claims for fraud, unfair or deceptive trade practices, and punitive damages was granted and those claims were dismissed. This Court affirmed in an unpublished opinion, Keyzer v. AmerLink, Ltd., 172 N.C. App. 592, 616 S.E.2d 693 (2005) ("Keyzer II"). Plaintiff also recovered attorney fees and costs, as well as Rule 11 sanctions, related to a companion case filed by defendant against plaintiff, 02-CVS-2454.
On remand from this Court in Keyzer I, the trial court granted defendant's motion for summary judgment and dismissed the instant case, 02-CVS-2462. In a facsimile accompanying the order, the trial judge stated that when plaintiff undertook to enforce the settlement agreement, he had made an election of remedies and was precluded from re-filing the original underlying action. It is from this order that plaintiff appeals. We affirm.
Pursuant to North Carolina General Statutes, section 1A-1, Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007).
The burden is on the party moving for summary judgment to show the absence of any genuine issue of fact and his entitlement to judgment as a matter of law. The movant may meet this burden by proving that . . . the opposing party . . . cannot surmount an affirmative defense which would bar the claim.
Bolick v. Bon Worth, Inc., 150 N.C. App. 428, 429, 562 S.E.2d 602, 603, disc. rev. denied, 356 N.C. 297, 570 S.E.2d 498 (2002) (citations omitted). On appeal, this Court reviews the trial court's ruling de novo because in ruling on a motion for summary judgment, a trial court rules only on questions of law. Va. Electric and Power Co. v. Tillett, 80 N.C. App. 383, 385, 343 S.E.2d 188, 191, cert. denied, 317 N.C. 715, 347 S.E.2d 457 (1986).
Plaintiff first argues that the settlement agreement specifically allows him two remedies, or a single two-part remedy: (1) to proceed under the settlement agreement itself and (2) to proceed under the original underlying claims. The agreement provides:
5. The parties . . . agree that if [defendant] fails to make payments as outlined above, the Plaintiff may re-file his lawsuit without prejudice to any previous judicial orders. Defendant will be entitled to a credit for whatever has been paid. All prior Orders, . . . will be set aside, null and void and if upon default by Defendant of the settlement agreement and Plaintiff re-files this suit, then all rulings will be de novo without prejudice to any prior rulings of this Court.
. . . .
11. The undersigned further agree that if a breach of any of the provisions of this agreement and release occurs then the non-breaching party has the right to bring suit to recover damages against the breaching party in the Superior Courts of North Carolina and all parties consent to both the personal and subject matter jurisdiction of said courts and to be bound by any such judgements [sic] rendered.
Plaintiff further argues that recovery pursuant to either remedy is not mutually exclusive because any monies already received, pursuant to Paragraph 11, will be credited against any amounts deemed owing in this action, pursuant to Paragraph 5.
Defendant argues that the parties intended the original suit to be resolved upon defendant's final payment of the settlement agreement. Thus, upon defendant's payment of the balance owing under the settlement agreement, as ordered by the trial court in Keyzer II, defendant has fulfilled his obligation and the trial court was correct in dismissing plaintiff's suit.
"The law favors the settlement of controversies out of court. It encourages such action by securing to every man the opportunity to negotiate for the purchase of his peace without prejudice to his rights." Dixie Lines v. Grannick, 238 N.C. 552, 555, 78 S.E.2d 410, 413 (1953) (citations omitted). Settlement agreements are contracts resolving legal disputes without a trial. Clayton v. Branson, 170 N.C. App. 438, 450, 613 S.E.2d 259, 268, disc. rev. denied, 360 N.C. 174, 625 S.E.2d 785 (2005). "Whether denominated accord and satisfaction or compromise and settlement, the executed agreement terminating or purporting to terminate a controversy is a contract, to be interpreted and tested by established rules relating to contracts." Id. (citations and quotation marks omitted). What distinguishes an "accord and satisfaction" from a "compromise and settlement" is that a compromise must be based on a disputed claim. An accord, on the other hand, may be based on an undisputed or liquidated claim. Products Corporation v. Chestnutt, 252 N.C. 269, 276, 113 S.E.2d 587, 594 (1960).
An accord is a contract under which the obligee promises to accept a stated performance in satisfaction of the obligor's existing duty. . . . Not until performance, which is called satisfaction, however, is the original duty discharged. Discharge in this way is therefore said to be by accord and satisfaction. Compromise and settlement is provided for by statute and is close kin to accord and satisfaction. N.C.G.S. § 1-540 provides: In all claims, or money demands, of whatever kind, and howsoever due, where an agreement is made and accepted for a less amount than that demanded or claimed to be due, in satisfaction thereof, the payment of the less amount according to such agreement in compromise of the whole is a full and complete discharge of the same.
Hassett v. Dixie Furniture Co., 333 N.C. 307, 313-14, 425 S.E.2d 683, 686 (1993) (emphasis in original) (internal citations omitted). "If the accord is fully performed, the performance satisfies the original claim, and bars a subsequent action to enforce it." Dobias v. White, 239 N.C. 409, 413, 80 S.E.2d 23, 27 (1954) (citations omitted). If, however, an accord is not fully performed, "the creditor has a choice of alternative remedies. He may enforce his original claim, or recover damages for the breach of the accord." Id. at 414, 80 S.E.2d at 27 (emphasis added) (citations omitted).
In the instant case, plaintiff and defendant entered into an accord or compromise agreement under which defendant agreed to pay plaintiff a sum certain in exchange for plaintiff's promise to voluntarily dismiss his suit against defendant. Because a portion of the settlement payment was to be delayed by fourteen months, plaintiff wanted additional security that defendant would make the payment when due. As part of these "security" provisions, the parties agreed to allow plaintiff to refile his suit should defendant fail to make the required payment when due. They also agreed to allow suit to be brought for breach of the settlement agreement. Defendant failed to make its final payment when due and plaintiff brought action under both provisions.
Although the "security" provisions may have given plaintiff an added sense of protection, under the law of accord and satisfaction or compromise and settlement, plaintiff was barred from obtaining such a double recovery.
The election of remedies is a doctrine based on the theory that a party who has inconsistent rights or remedies available to him, may choose one, thereby making an election not to pursue the other. Richardson v. Richardson, 261 N.C. 521, 530, 135 S.E.2d 532, 539 (1964). This principle is inapplicable to co-existing and consistent remedies. Id.
To make them inconsistent[,] one action must allege what the other denies, or the allegation in one must necessarily repudiate or be repugnant to the other. It is the inconsistency of the demands which makes the election of one remedial right an estoppel against the assertion of the other, and not the fact that the forms of action are different.
Id. (citation and quotation marks omitted).
Upon defendant's failure to abide by the settlement agreement, plaintiff had an election to make: either pursue the original claim as though no settlement had been reached, or pursue enforcement of the settlement agreement as a release of the underlying claims. To allow plaintiff to pursue both actions is repugnant to the whole purpose behind the settlement and release. Accordingly, this assignment of error is overruled.
Plaintiff next argues that the doctrine of judicial estoppel is inapplicable. "Matters discussed in the brief outside the record ordinarily will not be considered since the record certified to the Court imports verity and we are bound by it." State v. Hedrick, 289 N.C. 232, 234-35, 221 S.E.2d 350, 352 (1976) (citations omitted). Neither the order from which plaintiff appeals nor the explanatory facsimile preceding it refer to this doctrine. Although defendant argued judicial estoppel at the summary judgment hearing, it appears clear that the trial court based its decision solely on the doctrine of election of remedies. Because we find nothing in the record indicating the trial court based its ruling on the doctrine of judicial estoppel, we do not consider this argument.
Plaintiff next argues the equitable doctrines of laches and unclean hands bar defendant from asserting the doctrines of election of remedies and judicial estoppel. Plaintiff fails to assert any legal authority for the applicability of these doctrines to the circumstances of this case. North Carolina Rule of Appellate Procedure 28(b)(6) provides that assignments of error in support of which no authority is cited, will be taken as abandoned. N.C. R. App. P. 28(b)(6) (2007). The requirement for legal authority is further stated: "The body of the argument . . . shall contain citations of the authorities upon which the appellant relies." Id. Because plaintiff fails to cite authority in support of his arguments, these assignments of error are deemed abandoned.
Affirmed.
Judges CALABRIA and GEER concur.
Report per Rule 30(e).
NOTES
[1] For ease in understanding, we discuss plaintiff's various actions with their original docket numbers.