JACK TILLET, LYDIA TILLET, AND ANDREA McCONNELL, PLAINTIFFS v. ONSLOW
MEMORIAL HOSPITAL, INC., DEFENDANT

No. COA11-116

(Filed 6 September 2011)

**Privacy—invasion of—autopsy photographs**

The trial court correctly dismissed a claim for invasion of privacy under N.C.G.S. § 1A-1, Rule 12(b)(6) where the claim was based on the viewing of autopsy x-rays by defendant's employees and the disclosure of those photographs to third parties. By statute, autopsy photographs are accessible by any person, subject only to restrictions on time and supervision, and publishing the x-rays to third parties was relevant only to the employees' potential criminal liability.

Appeal by plaintiff from order entered 21 September 2010 by Judge Benjamin G. Alford in Onslow County Superior Court. Heard in the Court of Appeals 18 August 2011.

*Economos Law Firm, PLLC, by Larry C. Economos, for plaintiff-appellants.*

*Cranfill Sumner & Hartzog, LLP, by John D. Martin and Carolyn C. Pratt, for defendant-appellee.*

CALABRIA, Judge.

Jack Tillet, Lydia Tillet, and Andrea McConnell (collectively "plaintiffs") appeal the trial court's order dismissing their claim for tortious invasion of privacy against Onslow Memorial Hospital, Inc. ("defendant"). We affirm.

## I. Background

According to the allegations in plaintiffs' complaint, plaintiffs are the immediate family members of Cynthia Louise Tillet-Knighten ("Ms. Tillet-Knighten"). Ms. Tillet-Knighten died on 17 April 2009 as the result of a homicide.

Since Ms. Tillet-Knighten's cause of death was homicide, an autopsy was performed on her body by Coastal Pathology Associates, P.A. During the autopsy, x-ray photographs were taken which depicted massive blunt force trauma to Ms. Tillet-Knighten's face and skull. After the autopsy was completed, several of defendant's employees accessed and viewed Ms. Tillet-Knighten's x-ray photographs and additionally published and disclosed them to third parties.

On 12 July 2010, plaintiffs initiated an action against defendant in Onslow County Superior Court. Plaintiffs' complaint alleged that the actions of defendant's employees constituted a common law tortious invasion of plaintiffs' privacy. On 26 July 2010, defendant filed an answer and motion to dismiss plaintiffs' complaint pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. After a hearing, the trial court granted defendant's motion on 21 September 2010. Plaintiffs appeal.

## II. Invasion of Privacy

Plaintiffs' sole argument on appeal is that the trial court erred by granting defendant's motion to dismiss their claim for tortious invasion of privacy. We disagree.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint by presenting the question whether, as a matter of law, the allegations of the complaint, treated as true,

are sufficient to state a claim upon which relief can be granted under some [recognized] legal theory. A motion to dismiss pursuant to Rule 12(b)(6) should not be granted *unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.*

*Isenhour v. Hutto*, 350 N.C. 601, 604-05, 517 S.E.2d 121, 124 (1999) (internal quotations and citations omitted).

Plaintiffs contend that their complaint alleged a valid cause of action for common law tortious invasion of privacy. Our Supreme Court has stated that four basic types of invasion of privacy torts exist: "(1) appropriation, for the defendant's advantage, of the plaintiff's name or likeness; (2) intrusion upon the plaintiff's seclusion or solitude or into his *private affairs;* (3) public disclosure of embarrassing *private* facts about the plaintiff; and (4) publicity which places the plaintiff in a false light in the public eye." *Renwick v. News and Observer and Renwick v. Greensboro News*, 310 N.C. 312, 322, 312 S.E.2d 405, 411 (1984). Plaintiffs' claim is brought pursuant to the second type of privacy tort, intrusion upon the plaintiffs' seclusion or solitude or into their private affairs ("intrusion upon seclusion").

"The tort of invasion of privacy by intrusion into seclusion has been recognized in North Carolina and is defined as the intentional intrusion [']physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . [where] the intrusion would be highly offensive to a reasonable person.[']" *Toomer v. Garrett*, 155 N.C. App. 462, 479, 574 S.E.2d 76, 90 (2002) (quoting *Miller v. Brooks*, 123 N.C. App. 20, 26-27, 472 S.E.2d 350, 354 (1996)). Examples of recognized intrusions upon seclusion include " 'physically invading a person's home or other private place, eavesdropping by wiretapping or microphones, peering through windows, persistent telephoning, unauthorized prying into a bank account, and opening personal mail of another.' " *Id.* at 480, 574 S.E.2d at 90 (quoting *Hall v. Post*, 85 N.C. App. 610, 615, 355 S.E.2d 819, 823 (1987)).

In the instant case, plaintiffs contend that they possess a personal privacy interest in the autopsy x-ray photographs of Ms. Tillet-Knighten that was intruded upon by the actions of defendant's employees. However, the statute which regulates access to autopsy photographs makes clear that family members cannot possess a privacy interest in these photographs for the purposes of the intrusion upon seclusion tort.

**TILLET v. ONSLOW MEM'L HOSP., INC.**

[215 N.C. App. 382 (2011)]

N.C. Gen. Stat. § 130A-389.1 governs the inspection and examination of autopsy photographs. This statute states, in relevant part: "Except as otherwise provided by law, *any person may inspect and examine original photographs* or video or audio recordings of an autopsy performed pursuant to G.S. 130A-389(a) at reasonable times and under reasonable supervision of the custodian of the photographs or recordings." N.C. Gen. Stat. § 130A-389.1(a) (2009) (emphasis added). Moreover, "[i]f the investigating medical examiner has retained the original photographs or recordings, then the investigating medical examiner is the custodian of the photographs or video or audio recordings and *must allow the public to inspect and examine them in accordance with this subsection.*" *Id.* (emphasis added).

However, "no custodian of the original recorded images shall furnish copies of photographs or video or audio recordings of an autopsy to the public." *Id.* Thus, *original* autopsy photographs may be inspected and examined by any member of the public under the supervision of the photographs' custodian. But members of the public do not possess a general right to obtain a copy of these original autopsy photographs, and may obtain such copies only if they fall within specific exceptions which comprise the rest of the statute. The remainder of N.C. Gen. Stat. § 130A-389.1 repeatedly references the term "copies" and regulates how and by whom they may be obtained and disseminated. *See, e.g.,* N.C. Gen. Stat. § 130A-389.1(b) ("The following public officials may obtain *copies* of autopsy photographs . . . ."); N.C. Gen. Stat. § 130A-389.1(c) ("The following persons may obtain *copies* of autopsy photographs . . . ."); and N.C. Gen. Stat. § 130A-389.1(d) ("A person who is denied access to *copies* of photographs . . . ."). The statute does not contain similar detailed regulations regarding the general right of access to the original photographs referenced in N.C. Gen. Stat. § 130A-389.1(a); in fact, it does not reference originals at all after this initial subsection.

When discussing the invasion of privacy tort of intrusion upon seclusion, the Restatement (Second) of Torts explains:

The defendant is subject to liability under the rule stated in this Section only when he has intruded into a private place, or has otherwise invaded a private seclusion that the plaintiff has thrown about his person or affairs. *Thus there is no liability for the examination of a public record concerning the plaintiff, or of documents that the plaintiff is required to keep and make available for public inspection.*

Restatement (Second) of Torts § 652B, cmt. c. (emphasis added). Thus, a plaintiff cannot successfully pursue an intrusion upon seclusion claim based upon the accessing of items which are either in the public record or required to be made available for public inspection.

In the instant case, plaintiffs allege that defendant's employees intruded upon their seclusion by "unlawfully accessing, viewing, disclosing, [and] publishing the decedent's x-ray film autopsy photographs." However, since the originals of these photographs may be inspected and examined by any member of the public, subject only to the restriction that they be viewed at reasonable times and under reasonable supervision, autopsy photographs cannot be considered private for the purposes of this tort. *See id.*

The allegations in plaintiffs' complaint allege that defendant's employees unlawfully exceeded the statutory authorization in N.C. Gen. Stat. § 130A-389.1(a) when they viewed the autopsy photographs and published them to third parties. Nonetheless, such violations of the statute are only relevant to the employees' potential criminal liability. *See* N.C. Gen. Stat. § 130A-389.1(g)-(h) (2009). As plaintiffs concede in their brief, a violation of N.C. Gen. Stat. § 130A-389.1 does not give rise to a civil cause of action. Ultimately, in light of N.C. Gen. Stat. § 130A-389.1(a), the alleged actions of defendant's employees did not invade plaintiffs' privacy by intruding upon their solitude, seclusion, private affairs or concerns. Therefore, plaintiffs' complaint failed to state a claim for invasion of privacy. This argument is overruled.

## III. Conclusion

The viewing of autopsy photographs cannot be considered an intrusion upon the plaintiffs' seclusion in that, by statute, the photographs are readily accessible by "any person" subject only to a restriction that the viewing occur at reasonable times and under reasonable supervision. N.C. Gen. Stat. § 130A-389.1(a). Thus, the actions of defendant's employees in viewing and distributing Ms. Tillet-Knighten's autopsy photographs cannot be considered a tortious intrusion into the seclusion of plaintiffs. The trial court correctly granted defendant's motion to dismiss plaintiffs' claim.

Affirmed.

Judges ELMORE and McCULLOUGH concur.