**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2407**

HARTFORD CASUALTY INSURANCE COMPANY,

Plaintiff - Appellee,

v.

TED A. GREVE & ASSOCIATES, PA; TED A. GREVE,

Defendants - Appellants.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Graham C. Mullen, Senior District Judge.  (3:17-cv-00183-GCM)

Submitted:  July 30, 2018                    Decided:  August 7, 2018

Before GREGORY, Chief Judge, and AGEE and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard L. Pinto, PINTO COATES KYRE & BOWERS, PLLC, Greensboro, North Carolina, for Appellants.  Christopher C. Frost, John A. Little, Jr., MAYNARD, COOPER & GALE, P.C., Birmingham, Alabama, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ted A. Greve & Associates, PA and Ted A. Greve ("Greve") appeal the district court's order granting Hartford Casualty Insurance Co.'s ("Hartford") Fed. R. Civ. P. 12(c) motion for judgment on the pleadings. Finding no error, we affirm.

In 2016, Greve, a personal injury law firm, was named as a defendant in two single-count putative class-action lawsuits. The plaintiffs, drivers who had been involved in automobile accidents in North Carolina, alleged that the defendants, including Greve, violated the federal Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721-2725 (2012), by obtaining plaintiffs' names and addresses from copies of official accident reports maintained by the State of North Carolina and using that information to mail legal advertisements to the plaintiffs.

Greve tendered defense of the actions to Hartford under two business liability insurance policies ("the policies") that Greve purchased from Hartford. Although the policies generally provided that Hartford would defend Greve against and indemnify it for damages Greve became legally obligated to pay because of personal and advertising injury, Hartford denied that it owed Greve any duty to defend or indemnify because the actions fell under two different exclusionary provisions in the policies. The first of these provisions excluded coverage for personal and advertising injury arising out of the violation of a person's right of privacy created by any state or federal act, unless the liability would have occurred even in the absence of a state or federal statute ("the privacy exclusion"). The second provision excluded coverage for personal and advertising injury arising directly or indirectly from a statute, ordinance, or regulation

2

that prohibits or limits the sending, transmitting, communicating or distribution of material or information ("the communications exclusion").

Hartford subsequently filed a complaint under the Declaratory Judgment Act, 28 U.S.C. § 2201 (2012), and asked the district court to rule as a matter of law that the underlying DPPA actions were not covered by Greve's policies.[1] The district court, agreeing that the actions fell squarely within both the privacy and communications exclusions, granted Hartford's Fed. R. Civ. P. 12(c) motion for judgment on the pleadings and entered a declaratory judgment in favor of Hartford.

We review de novo a district court's ruling on a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). *See Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014). The standard of review for Rule 12(c) motions is the same as the standard used to review a district court's ruling on a motion brought under Fed. R. Civ. P. 12(b)(6). *Id.*

> Therefore, a motion for judgment on the pleadings should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. A Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact.

*Id.* (citation and internal quotation marks omitted).

---

[1] Federal subject matter jurisdiction in this case rests on diversity. 28 U.S.C. § 1332 (2012).

The parties do not dispute that North Carolina law applies in this case. "Pursuant to North Carolina law, the interpretation of an insurance policy is a question of law" for the court. *State Auto Prop. & Cas. Ins. Co. v. Travelers Indem. Co. of Am.*, 343 F.3d 249, 254 (4th Cir. 2003). An insurance policy is a contract, and "[a]s with all contracts, the object of construing an insurance policy is to arrive at the insurance coverage intended by the parties when the policy was issued." *Harleysville Mut. Ins. Co. v. Buzz Off Insect Shield, L.L.C.*, 692 S.E.2d 605, 612 (N.C. 2010) (internal quotation marks omitted). "When the policy language is clear and unambiguous, a court is required to enforce the policy as written. Terms defined in insurance policies are applied to all clauses of the insurance contract, while undefined terms are construed in accordance with their ordinary meaning." *Continental Cas. Co. v. Amerisure Co.*, 886 F. 3d 366, 371 (4th Cir. 2018) (citation omitted).

In conducting our review, we resolve "any ambiguity in the words of an insurance policy against the insurance company," construe "liberally . . . provisions that extend coverage so as to provide coverage, whenever possible by reasonable construction," and "strictly construe against the insurance company those provisions excluding coverage." *Harleysville Mut. Ins. Co.*, 692 S.E. 2d at 612 (internal quotation marks omitted).

> An insurer's duty to defend is ordinarily measured by the facts as alleged in the pleadings [in the underlying actions]; its duty to pay is measured by the facts ultimately determined at trial. Thus, the duty to defend is broader than the duty to indemnify in the sense that an unsubstantiated allegation requires an insurer to defend against it so long as the allegation is of a covered injury; however, even a meritorious allegation cannot obligate an insurer to defend if the alleged injury is not within, or is excluded from, the coverage provided by the insurance policy.

4

*Id.* at 610-11 (citations and internal quotation marks omitted).

Greve does not contest on appeal that the underlying actions allege injuries that arise out of the violation of a privacy right created by a federal statute, and thus fall within the general terms of the privacy exclusion. It contends instead that, because the plaintiffs in the underlying actions could potentially state a claim for invasion of privacy under North Carolina common law, the exception to the exclusion applies. North Carolina courts recognize two types of invasion-of-privacy torts: intrusion upon a person's seclusion, solitude, or private affairs, and appropriation of a person's name or likeness for commercial advantage. *Miller v. Brooks*, 472 S.E.2d 350, 354 (N.C. Ct. App. 1996). We agree with the district court that the facts alleged in the underlying actions could not state a claim for either type.

The intrusion tort is defined as an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . if the intrusion would be highly offensive to a reasonable person." *Id.*; *see also Tillet v. Onslow Mem'l Hosp., Inc.*, 715 S.E.2d 538, 540 (N.C. Ct. App. 2011) ("Examples of recognized intrusions upon seclusion include physically invading a person's home or other private place, eavesdropping by wiretapping or microphones, peering through windows, persistent telephoning, unauthorized prying into a bank account, and opening personal mail of another." (internal quotation marks omitted)); *Broughton v. McClatchy Newspapers, Inc.*, 588 S.E.2d 20, 27 (N.C. Ct. App. 2003) ("Generally, there must be a physical or sensory intrusion or an unauthorized prying into confidential personal records to support a claim for invasion of privacy by intrusion."). As the district court noted, the

5

accident reports at issue in the underlying actions are public records under North Carolina law. *See* N.C. Gen. Stat. Ann. § 20-166.1(i) (2017). The actions Greve is alleged to have taken—obtaining information from public records to facilitate the mailing of legal advertisements—may have been unwelcome, but they do not constitute an intrusion upon seclusion under North Carolina law.

Greve also offers no reasoned explanation as to how the facts alleged in the underlying actions could establish liability for the tort of appropriation of likeness. The gravamen of the underlying actions is that the defendants sought to advertise to the plaintiffs, not use the plaintiffs to advertise. Moreover, the complaints in the underlying actions assert a cause of action only under the DPPA, and the right of privacy that the defendants are alleged to have invaded is the right created and protected by that statute, not by the common law of North Carolina. The underlying actions thus do not fall within the exception to the privacy exclusion, and Greve does not dispute that the privacy exclusion otherwise bars coverage under the policies. Accordingly, the district court correctly determined that the underlying actions are not covered under the policies, and Hartford has no duty to defend or indemnify Greve.[2]

---

[2] Because the privacy exclusion clearly bars coverage, we need not decide whether the communications exclusion also applies.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*